UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | October 21, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2018-cr-69 |
| CASE NAME: | United States of America v. Christopher Childs |
| NATURE OF HEARING: | Sentencing |
| APPEARANCES: | Erica Lounsberry – Attorney for the government |
| | Richard Frohling – Attorney for the government |
| | Daniel Sanders – Attorney for the defendant |
| | Christopher Childs – Defendant |
| | James Fetherston - US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:28 a.m. – 1:09 p.m. |

## AUDIO OF THIS HEARING AT DKT. NOS. 81, 82, and 83

The defendant pled guilty to Count Four, sex trafficking by force, fraud, or coercion.

The court listed the relevant sentencing documents and confirmed that defense counsel had reviewed those documents with the defendant and that the prosecutor had reviewed them.

The court explained to the defendant that the Sentencing Guidelines calculations were advisory, but that the law required the court to calculate them and then consider them along with the §3553 factors.

Defense counsel made a record of some technological issues he had in the courtroom. Counsel observed that he was separated from his client, whom he had represented for two years, by a Plexiglas barrier. He expressed concern over the microphones possibly picking up any communication that he had with the defendant when or if they would need to communicate during the hearing. Counsel understood that the court had provided closed-loop hearing devices to allow defendant and counsel to communicate without being in close contact, but counsel expressed concern that even if the court used white noise while he and his client were using the devices to talk, the prosecution could hear them. Counsel stated that he had been under the impression from his interpretation of the court's in-person hearing procedures that no non-parties could be in the courtroom unless they were witnesses, and as a consequence the defendant did not have any family in the courtroom for support. Counsel noted that there were victims in the courtroom. Finally, counsel pointed out that the defendant's mask was made of t-shirt material that barely covered his nose and mouth.

1

The court replied that the defendant had made his record.

The court observed that the defendant had filed several objections to the sentencing guidelines calculations in the PSR, and that it would address those first. The court explained that defense counsel also had made a number of factual clarifications; the court said that while it would allow counsel to discuss those in his sentencing remarks, it was not going to go through each one of them because they amount to the defendant's disagreements with the versions of events told by several victims and they did not affect the guidelines calculations.

The defendant objected to page 11, paragraph 33 under relevant conduct, which stated that he had agreed that all the individuals identified in the second superseding indictment and Attachment A could be considered victims for sentencing purposes. The court expressed confusion, noting three places in the plea agreement where the defendant appeared to have agreed to exactly that. Defense counsel argued that while the defendant acknowledged that there were victims, he did not agree that the government had sufficient evidence to demonstrate that every one of the people mentioned in the second superseding indictment or the attachment were "victims" for the purposes of the guidelines. Counsel argued that the court should not consider AV-5 a victim because the government had not proven by a preponderance of the evidence that she was coerced, threatened or defrauded into engaging in sex trafficking. Based on the language in paragraph 41 of the plea agreement, the court overruled the defendant's objection and will consider all the victims identified in the second superseding indictment as to relevant conduct.

The defendant objected to page 22-30, paragraphs 92-100, of the PSR because the defendant did not have sufficient opportunity to review the victim impact statements of AV-1 and AV-5 or the explanations of restitution. Counsel argued that the government's evidence did not prove by a preponderance that AV-5 was a victim or that she was working for the defendant. Counsel asserted that the defendant had a consensual relationship with AV-5. The prosecutor stood by her statement that AV-5 was a victim. Counsel further stated that the defendant had used coercion to have AV-5 commit sexual acts she did not want to engage in. The court sustained the defendant's objection, not because it believed AV-5 was not victimized but because the evidence, particularly from AV-5's own statement, was murky. Because the court sustained the defendant's objection, the court said that it would consider only five victims for the purposes of §3D1.4, not six.

For pseudo count five, the defendant objected to the 2-level increase under §2G1.3(b)(2)(B) for unduly influencing a minor. Counsel argued that JV-1 had a relationship with the defendant and had run away from home by the time she met the defendant. The court overruled the defendant's objection, noting her won description of a particular job that she did not think she could do, and how the defendant coerced her into doing it by appealing to her darker instincts.

Having ruled on the objections, the court concluded that the highest offense level was the office level for pseudo count five.

The court made the following findings as to the offense level(s):

Pseudo Count Five
Base offense level: 34, §2G1.1(a)(1)
    Objection(s):  ☐ Yes    ☒ No
Enhancements: 2 level(s), §2G1.3(b)(2)(B) because the defendant unduly influenced a minor to engage in prohibited sexual conduct.
    Objection(s):  ☒ Yes    ☐ No – The court overruled the defendant's objection.
Enhancements: 2 level(s), §2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.
    Objection(s):  ☐ Yes    ☒ No
Enhancements: 2 level(s), §3B1.1(c) because the defendant was an organizer, leader, manager, or supervisor in any criminal activity.
    Objection(s):  ☐ Yes    ☒ No
Enhancements: 4 level(s), §3D1.4(a), (b), and (c) because of the number of victims – which the court concluded was 5.
    Objection(s):  ☐ Yes    ☒ No
Reductions: 3 level(s), §3E1.1(a) and (b) for timeliness of acceptance of responsibility.
    Objection(s):  ☐ Yes    ☒ No
Adjusted offense level: 41
    Objection(s):  ☐ Yes    ☒ No

The court made the following findings regarding the criminal history category:

Criminal history points: 0, yielding a criminal history category of I.
    Objections:  ☐ Yes    ☒ No

The court found that the adjusted offense level of 41 in criminal history category I resulted in an advisory sentencing range of 324-405 months.

Objections: ☐ Yes  ☒ No

Government's recommended sentence: 324 months

Several victims spoke to the court regarding their experiences with the defendant.

Defendant's recommended sentence: 216 months

Several members of the defendant's family spoke to the court on the defendant's behalf.

The defendant spoke to the court on his own behalf.

Defendant's judgment request(s): The defendant be placed in a facility as close to the Eastern District of Wisconsin as possible.

The court imposed a sentence of: 324 months with credit for time served.
    Supervised Release: 5 years
    Special Assessment: $100.00 and JVTA special assessment of $5,000 for a total of $5,100
    Fine: None imposed
    Restitution: The court will schedule a separate restitution hearing.

The court thanked those who had come today to be in the courtroom and by ZOOM.

The court imposed conditions of supervised release, which the judgment will reflect.

Defendant in custody: ☒ Yes ☐ No

The defendant had waived his right to appeal the sentence. The court explained that the defendant could appeal the sentence if he believed it to be unlawful.

The court **GRANTS** the government's oral motion to dismiss the remaining

counts against defendant Christopher Childs.

Dated in Milwaukee, Wisconsin this 21st day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**