UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

CHRISTOPHER L. CHILDS,

        Defendant.

Case No. 18-cr-69-pp

**ORDER DENYING MOTION FOR CONTINUANCE IN FILING 28 U.S.C. §2255 (DKT. NO. 110)**

      The court sentenced the defendant on October 21, 2020. Dkt. No. 84. It entered an amended judgment on November 4, 2020. Dkt. No. 91. It amended the judgment yet again on March 15, 2021. Dkt. No. 99. The defendant filed a notice of appeal on May 10, 2021. Dkt. No. 100. On August 16, 2021, the Seventh Circuit Court of Appeals dismissed the appeal as untimely. Dkt. No. 109.

      On September 9, 2021, the court received from the defendant this motion, asking the court to extend by 120 days "his deadline of October 21, 2021" for filing a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Dkt. No. 110. In the motion, the defendant explains how the spread of the Delta variant of COVID-19 has impacted his ability to obtain assistance in preparing a compassionate release motion, as well as his ability to access the law library, typewriters and copy machines. Id. at 2. He also asks

1

the court to mark any mail it sends him, "Legal Mail Open in Presence of Inmate Only." Id. at 3.

It is not clear to the court whether the defendant seeks additional time to file a motion for compassionate release under 18 U.S.C. §3582 or a motion to vacate, set aside or correct his sentence (basically, a federal *habeas* petition) under 28 U.S.C. §2255; he mentions both in his motion. There is no time limit or deadline for filing a motion for compassionate release under 18 U.S.C. §3582. A defendant may file a compassionate release motion any time, as long as he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. §3582(c)(1)(A).

There *is* a deadline for filing a motion to vacate, set aside or correct a sentence under 28 U.S.C. §2255. Section 2255(f) requires a defendant to file such a motion within one year from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, fi that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. §2255(f).

The Supreme Court has stated that Congress enacted §2255 to "advance the finality of criminal convictions, and so it "adopted a tight time line, a one-year limitation period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .'" Mayle v. Felix, 545 U.S. 644, 662 (2005). Given this tight timeline, the Seventh Circuit Court of Appeals has held that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green v. U.S., 260 F.3d 78, 82-83 (7th Cir. 2001). District courts have thus concluded that they do not have the authority to grant a motion to extend time to file a §2255 motion except under those circumstances. See, *e.g.*, United States v. Villalobos, No. 06-CR-20067, 2008 WL 3992690, at *1 (C.D. Ill. 2008); United States v. Crawford, No. 07-CR-20106, 2009 WL 1329141, at *1 (C.D. Ill. 2009).

The defendant has not yet filed a §2255 petition. And while the court acknowledges that the pandemic has made it more difficult for incarcerated persons to communicate with others who can help them write motions, to access the law library and to get to technology such as computers or copiers, these logistical difficulties are not the kind of rare and exceptional circumstances that warrant tolling the one-year limitation period. Incarcerated persons often face these same logistical difficulties because of being transferred

3

from one institution to another or because of being placed in segregation due to disciplinary violations. The court will not grant the defendant an extension of the one-year deadline.

The court notes two things, however. First, there is no requirement that a defendant type a §2255 petition. The defendant is lucky enough to have clear, legible handwriting. The court is sending with this order a copy of its §2255 petition form, which can be completed by hand. Second, §2255(f)(1) says that the one-year period begins on the date the judgment of conviction becomes "final." There is case law defining when a conviction becomes "final," and it is not necessarily on the date that the defendant was sentenced.

The court **DENIES** the defendant's motion for continuance in filing 28 U.S.C. §2255. Dkt. No. 110.

Dated in Milwaukee, Wisconsin this 10th day of September, 2021.

                                                  **BY THE COURT:**

                                                  **HON. PAMELA PEPPER**
                                                  **Chief United States District Judge**